# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-1204

_____

Amaida Morales Bonilla

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 25, 2017
Filed: November 14, 2017
[Unpublished]

_____

Before COLLOTON, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Amaida Morales Bonilla petitions for review of an order of the Board of Immigration Appeals (BIA) adopting the decision of an immigration judge (IJ) denying her application for cancellation of removal under 8 U.S.C. § 1229b(b)(1) (permitting cancellation of removal for an alien (1) physically present in the United States continuously for at least ten years immediately preceding her

application, (2) of good moral character during that time, (3) not convicted of listed offenses, and (4) whose removal would result in exceptional and extremely unusual hardship to qualifying relatives).  As relevant, the IJ and BIA found that Bonilla failed to establish two of the requirements for cancellation of removal: continuous physical presence in the United States and the necessary hardship to her children.

In this Court, Bonilla challenges the determination that she did not meet the requirement for continuous physical presence.  We need not consider this challenge, however, because Bonilla raised no legal or constitutional challenge to the discretionary finding that she had not shown exceptional and extremely unusual hardship to her children, should she be deported.  See INS v. Bagamasbad, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); see also Gomez v. Lynch, 642 Fed. Appx. 649, 649–50 (8th Cir. 2016) (per curiam) (unpublished) (concluding that "[u]nder the conjunctive language of section 1229b(b)(1), [the petitioner] had to meet all four prerequisites for cancellation of removal," so the discretionary hardship determination was dispositive).

We deny the petition.

_____